UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DEBORAH PUCKETT,                 :
                                 :
                                 :    NO. 1:08-CV-771
        Plaintiff,               :
                                 :
    v.                           :    **OPINION AND ORDER**
                                 :
COMMISSIONER OF SOCIAL           :
SECURITY,                        :
                                 :
        Defendant.               :


        This matter is before the Court on the Magistrate Judge's
November 27, 2009 Report and Recommendation (doc. 10), Plaintiff's
Objections (doc. 12), and Defendant's Response to Plaintiff's
Objections (doc. 13).  For the reasons indicated herein, the Court
ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation
and DISMISSES this case from the Court's docket.

**I.  Background**

        Plaintiff filed this action on November 03, 2008, seeking
a judicial review, pursuant to 42 U.S.C. § 405(g), of the
Commissioner of Social Security's ("Commissioner") denial of
Plaintiff's application for disablity insurance benefits ("DIB")
(doc. 1).  Plaintiff filed an application for DIB on October 10,
2002, alleging disability onset of May 31, 2001, due to asthmatic
bronchitis attacks and trouble walking and standing (doc. 10).

After the Commissioner denied the application, Plaintiff was granted a <u>de</u> <u>novo</u> hearing before an administrative law judge ("ALJ") (<u>Id</u>.).

The ALJ denied Plaintiff's application on October 15, 2004 (<u>Id</u>.). Plaintiff appealed, and the Appeals Council remanded her case back to the ALJ (<u>Id</u>.). After a May 22, 2007 supplemental hearing, the ALJ once again denied the Plaintiff's application on February 27, 2008 (<u>Id</u>.). In his decision, the ALJ determined that Plaintiff suffers from severe impairments of lumbar degenerative disc disease with morbid obesity, a depressive disorder NOS, and an anxiety disorder NOS (<u>Id</u>.). The ALJ found that Plaintiff's impairments alone or in combination do not meet or equal any within the Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1, Regulations No. 4 (<u>Id</u>.). The ALJ also found that Plaintiff's allegations regarding her disabilities lack credibility (<u>Id</u>.). The ALJ determined that Plaintiff lacks a residual functional capacity ("RFC") to lift more than ten pounds, either frequently or occasionally; sit for longer than thirty minutes at a time, although she is able to sit for at least six hours total in a work day; stand and/or walk for longer than thirty minutes at a time or two hours total in a work day; crawl, climb, crouch, stoop, or kneel; perform work requiring use of foot controls; work at unprotected heights or around moving machinery; perform work

2

involving significant exposure of the body to vibration; perform work requiring that she have more than occasional contact with the public; perform work requiring her to follow complex instructions; or perform other than low stress jobs (Id.). The ALJ determined, based on these restrictions to Plaintiff's exertional capacity, that she has a RFC such that she can perform a range of jobs classified as sedentary work as defined by 20 C.F.R. 404.1567 (Id.). Although the ALJ found that Plaintiff is unable to perform her past relevant work, he determined Plaintiff could perform a significant range of jobs that exist in the national economy (Id.). Accordingly, the ALJ concluded that Plaintiff is not disabled under the Social Security Act and is not entitled to DIB (Id.). Plaintiff once again appealed to the Appeals Council, which denied the appeal on September 4, 2008, making the ALJ's decision the final decision of the Commissioner (Id.).

In her appeal, Plaintiff argues that the ALJ failed by neglecting to grant controlling weight to her treating physicians, in evaluating her credibility, and by relying on an improper hypothetical to the vocational expert ("VE") during her hearing which did not constitute substantial evidence of her vocational abilities (Id.). The Magistrate Judge disagreed (Id.). In his Report and Recommendation, the Magistrate Judge reviewed the ALJ's findings and the medical evidence in the record and concluded that the ALJ's decision to give little weight to the opinions of two of

Plaintiff's physicians, Drs. Saleh and Onady, was supported by substantial evidence, and that Plaintiff's "histrionic" behavior and inconsistent statements regarding her impairment harmed her credibility (Id.). Moreover, the Magistrate Judge found the ALJ was permitted to consider the VE's response to his hypothetical question as substantial evidence in support of his decision that Plaintiff was not disabled under the Social Security Act because the ALJ's question was based on Plaintiff's RFC, which was based on substantial evidence, including the opinions of five separate doctors (Id.). As such, the Magistrate Judge found that the ALJ's RFC finding was supported by substantial evidence, and that the ALJ's consideration of the question to the VE was proper (Id.). The Magistrate Judge recommended that the ALJ's decision be affirmed (Id.). Plaintiff filed her Objections on December 21, 2009 (doc. 12), so that this matter is now ripe for this Court's review.

## II. Discussion

The Court reviews this matter de novo because Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. Fed. R. Civ. P. 72(b). Rule 72(b) states that "[t]he district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule." Id. The Rule further indicates that "[t]he district judge

may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." Id.

Judicial review of the Commissioner's decision, being that of the ALJ in this case, is limited to determining whether there is substantial evidence in the record to support the factual findings. 42 U.S.C. § 405(g); Smith v. Sec'y of Health & Human Servs., 893 F.2d 106 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230 (6th Cir. 1993).

The claimant has the burden of proving by sufficient evidence that she is entitled to DIB. 20 C.F.R. § 404.1512(a). To show that claimant is an "eligible individual" entitled to DIB, she must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job in the national economy. 42 U.S.C. § 423(d)(1)(A).

## A. The Magistrate Judge's Report and Recommendation (doc. 10)

In the Report and Recommendation the Magistrate Judge thoroughly reviewed the medical evidence in the record, including Plaintiff's hearing testimony (doc. 10). The Magistrate Judge then

reviewed Plaintiff's three arguments on appeal, that 1) the ALJ erred by failing to give controlling weight to Plaintiff's treating physicians, 2) the ALJ erred by giving inadequate consideration to Plaintiff's credibility, and 3) the ALJ erred by relying on an improper hypothetical to the VE which did not constitute substantial evidence of Plaintiff's vocational abilities (Id.).

The Magistrate Judge rejected Plaintiff's first argument, finding that the ALJ's decision as to Plaintiff's RFC was supported by substantial evidence (Id.). In so doing, the Magistrate Judge specifically addressed and rejected two of Plaintiff's contentions, 1) that the ALJ erred by not granting controlling weight to the opinions of Drs. Saleh and Onady, and 2) that the ALJ failed to properly explain the rejection of evidence favorable to Plaintiff (Id.).

The Magistrate Judge found first that the ALJ provided a sufficient explanation for his decision to decline affording Plaintiff's physicians controlling weight, and that Plaintiff's contention that he did not offer a reasoned explanaton was "without merit" (Id.). The Magistrate Judge found that, although an ALJ need only to minimally articulate his reasons for declining to afford Plaintiff's treating physicians even substantial weight, the ALJ in this case provided an eight-page summary of the medical evidence, along with a four-page explanation of both the rules for evaluating medical opinion evidence and of his consideration of the

medical source opinions in the record (Id.).

The Magistrate Judge next noted that the ALJ's RFC finding accounted for many of Dr. Saleh's and Dr. Onady's recommended limitations, but that the ALJ rejected their conclusory opinions that Plaintiff was unable to work because those were administrative findings reserved for the Commissioner (Id.).

The Magistrate Judge found first that the ALJ properly gave little weight to Dr. Saleh's opinion that Plaintiff is physically disabled (Id.). Dr. Saleh's opinion conflicted with that of two other physicians whose opinions are part of the record (Id.). Further, the ALJ relied on a medical expert, Dr. Richard Hutson, who explained that Dr. Saleh's opinion lacked medical support (Id.). Dr. Hutson indicated that the medical evidence did not demonstrate a worsening in Plaintiff's condition that justified a significant departure from the opinion offered by a rehabilitation specialist, Dr. Gary Ray, upon examination of Plaintiff in 2004 (Id.). Dr. Hutson opined that, because Dr. Ray was a rehabilitation specialist who was trained to provide functional evaluations, his opinion was particularly reliable in this context (Id.).

The Magistrate Judge similarly found that Dr. Onady's opinion that Plaintiff suffered from marked limitations in all areas of mental functioning was not supported by substantial evidence (Id.). The Magistrate Judge noted that Dr. Onady's

opinion of this mental impairment was inconsistent with her own treatment notes (Id.). The Magistrate Judge further noted that Plaintiff's global assessment functioning ("GAF") scores, as recorded by Dr. Onady, indicated only mild to moderate limitations (Id.). Moreover, the Magistrate Judge found that Dr. Onady's opinions conflicted with the opinions of three other psychologists who evaluated Plaintiff (Id.). In November 2002, A.J. McNamara, M.A., counseled Plaintiff, and noted a GAF score which indicated "some mild symptoms," inconsistent with Dr. Onady's severely restrictive opinion of Plaintiff's mental health (Id.). In January 2003, Dr. Mel Zwissler, a state agency psychologist assessed Plaintiff's mental capacity and determined that she was capable of performing simple and routine work activities, and that she was able to tolerate work stressors, and relate well with the public (Id.). In May 2003, Dr. Roger Lewis, another state agency psychologist, assessed Plaintiff's mental functional capacity and found that Plaintiff had the ability to perform simple routine tasks at a moderate work pace in work settings with regular breaks, manage modest interpersonal demands, and operate under predictable schedules and routines (Id.). The Magistrate Judge considered these contradictions between professional evaluations and Dr. Onady's internal inconsistencies in her evaluations of Plaintiff's mental functional capacity, and found that the ALJ had a reasonable basis for not giving Dr. Onady's opinion significant weight (Id.).

8

The ALJ relied on expert psychological testimony by Mary Buban, Psy.D (Id.). Dr. Buban opined that Plaintiff should be limited to low stress work with no production quotas and no fast-paced work, and that she should be restricted to occasional public contact (Id.). Dr. Buban further opined that Dr. Onady's assessment of marked impairment in all major mental functioning areas was not supported by the treatment record, and that Plaintiff's depressive symptoms were secondary to her physical pain (Id.).

Accordingly, the Magistrate Judge concluded that the ALJ considered the medical evidence and treatment history and properly found they did not support a finding of disability (Id.). The Magistrate Judge found the ALJ's decision to give little weight to the opinions of Drs. Saleh and Onady was supported by clearly articulated reasons and by substantial evidence (Id.).

The Magistrate Judge next addressed the ALJ's credibility assessment (Id.). The Magistrate Judge noted that a Plaintiff's statements as to "pain or other symptoms will not alone establish that [she is] disabled" (Id. citing 20 C.F.R. § 404.1529(a)). The Magistrate Judge further noted that, a Court must find objective evidence of an underlying medical condition when considering a claim for disability based on pain (Id. citing Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847 (6ᵗʰ Cir. 1986)). Morevoer, the Magistrate Judge found that it is within the discretion of the

ALJ to evaluate the plaintiff's credibility (Id. citing Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994); McGuire v. Comm'r of Soc. Sec., No. 98-1502, 1999 WL 196508 (6th Cir. March 25, 2009)).

The Magistrate Judge found that the ALJ noted in his credibility assessment that Plaintiff "undoubtedly" suffered from functional impairments, but those impairments did not render her totally disabled from all work activity (Id.). The Magistrate Judge found that both Plaintiff and Dr. Saleh noted that Plaintiff's pain lessened in response to several types of medications and treatments (Id.). The Magistrate Judge also noted "histrionic behaviors" exhibited by Plaintiff that harmed her credibility (Id.). These behaviors included many pain behaviors, exerting poor effort, giving away, and moaning and groaning during a physical exam with Dr. Ray (Id.). Furthermore, Plaintiff unnecessarily wore an oxygen mask to her hearing with the ALJ (Id.). The Magistrate Judge also found that the ALJ considered opinions from six separate physicians who stated that Plaintiff's description of her own condition was inconsistent with her actual impairments (Id.). Accordingly, the Magistrate Judge concluded that the ALJ, who observed Plaintiff at the hearing, properly evaluated Plaintiff's allegations in accordance with controlling law, and reasonably concluded they were not fully credible (Id.).

The Magistrate Judge then considered whether the ALJ erred by relying on an improper hypothetical to the VE during the

hearing which did not constitute substantial evidence of Plaintiff's vocational abilities (Id.). The specific question presented by the ALJ concerned the number of days of work Plaintiff would miss each month as a result of her impairments or treatment (Id.). The Magistrate Judge found that the ALJ's hypothetical question was based on Plaintiff's RFC, and that her RFC was based on substantial evidence (Id.). The Magistrate Judge found that, because the ALJ's hypothetical question was based on Plaintiff's RFC, the ALJ was permitted to consider the VE's response as substantial evidence in support of his decision (Id. citing Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230 (6th Cir. 1993)). The Magistrate Judge therefore recommended that the decision of the Commissioner is supported by substantial evidence, that it should be affirmed, and this case should be closed (Id.).

## B. Plaintiff's Objections (doc. 12)

Plaintiff argues in her objections that the Magistrate Judge erred by finding that the ALJ provided a reasoned analysis for rejecting the opinions of Plaintiff's treating physicians, by finding that the ALJ's RFC finding was supported by substantial evidence, and by finding that the ALJ adequately considered Plaintiff's credibility (doc. 12). Plaintiff argues that the ALJ's summary of the medical evidence and examination of the rules for weighing medical evidence was not sufficient to provide a reasoned analysis of the medical evidence (Id.).

Plaintiff questioned the Magistrate Judge's failure to take into account the absence, in the ALJ's decision, of any mention of the RFC findings of Dr. Martii Kahkonen, an occupational specialist who evaluated Plaintiff, and whose opinion followed more closely with Dr. Saleh's regarding the functional limitations attendant with Plaintiff's impairments (Id.). Plaintiff argues that the ALJ did not explain the weight given to Dr. Kahkonen's opinion, as the regulations required him to consider every medical opinion on the record.

Plaintiff argues that the Magistrate Judge failed to give adequate weight to Dr. Onady's opinion despite its internal inconsistency and contradiction to the opinions of other psychiatrists (Id.). In supporting this point, Plaintiff argues that, although the ALJ cited notations of improvements in Plaintiff's symptoms, the entirety of Dr. Onady's notes present no long-term improvement that could establish the capacity to engage in gainful employent on a regular basis (Id.). Plaintiff further argues that, although Dr. Onady's opinion contradicted the opinions of three other psychologists, Dr. Onady is the only one of those four psychiatrists who examined Plaintiff personally (Id.).

Plaintiff argues that the Magistrate Judge erred in failing to find that the ALJ improperly relied on Dr. Buban's testimony in making his RFC recommendations because Plaintiff's counsel submitted a post-hearing summary of arguments to the ALJ

which addressed Dr. Buban's testimony and provided a chart that countered Dr. Buban's opinion that the record did not contain sufficient evidence with respect to Plaintiff's limitations in social functioning (Id.). Additionally, Plaintiff argues that the Magistrate Judge erred in failing to acknowledge that Dr. Saleh's treatment notes concerning Plaintiff's psychological state were consistent with Dr. Onady's opinion (Id.). In summarizing her objection, Plaintiff argues that her treating physician's opinions were supported by the medical evidence, and that, as a result, the Magistrate Judge erred in finding that the ALJ provided reasonable support for failing to give them controlling weight (Id.).

In her second Objection, Plaintiff argues that the Magistrate Judge erred by finding that the ALJ properly concluded that Plaintiff's complaints regarding her own condition lacked credibility (Id.). Plaintiff argues that the Magistrate Judge should have considered that Plaintiff's complaints were consistent throughout the record, and that the MRI reports showed evidence of nerve root impingement (Id.). Plaintiff argues that her pain management treatment with Dr. Saleh supports her credibility regarding pain complaints (Id.). Plaintiff further argues that the Magistrate Judge should have noted that no examining or treating physician, other than Dr. Ray, questioned Plaintiff's credibility (Id.). Finally, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ properly determined her

credibility because the record, as a whole, documents chronic pain and psychiatric treatment documenting Plaintiff's impairments (Id.). For these reasons as well, the Plaintiff requests that the Magistrate Judge's Report and Recommendation be rejected, that the decision of the Commissioner be reversed and benefits awarded, or in the alternative, that the Court remand this matter for further proceedings (Id.).

## C. Defendant's Response to Plaintiff's Objections (doc. 13)

Defendant argues in his Response to Plaintiff's Objections that the ALJ clearly considered the entire medical record (doc. 13). Defendant further argues that the Magistrate Judge provided a thorough analysis of the ALJ's credibility finding (Id.).

Defendant first refers to his previous Memorandum in Opposition, in which he argued that both the ALJ's medical source opinions and credibility finding were supported by substantial evidence (Id. citing doc. 8). In support of his argument that the ALJ's medical source opinions were supported by substantial evidence, Defendant pointed to the ALJ's eight page summary of the medical evidence and four page description of the rules for evaluating medical opinion evidence (doc. 8). Defendant noted in his Memorandum in Opposition that the ALJ's findings accounted for many of Dr. Saleh's and Dr. Onady's recommended limitations, rejecting only their conclusory opinions that Plaintiff was unable

14

to work (<u>Id</u>.). Defendant also pointed out the ALJ's use of expert medical opinion of Dr. Hutson to assist him with understanding the signficance of the medical findings, and in determining that Dr. Saleh's findings were not supported by substantial evidence (<u>Id</u>.). Regarding Plaintiff's mental limitations, Defendant pointed to the ALJ's analysis of the inconsistencies of Dr. Onady's opinion with that of other examining psychologists, as well as her own internal inconsistencies (<u>Id</u>.).

In addition to the arguments from his Memorandum in Opposition, Defendant specifically addresses Plaintiff's argument that the Magistrate Judge erred in failing to address that the ALJ did not clearly explain the weight given to the opinion of Dr. Kahkonen, by arguing that the ALJ clearly considered the opinion of Dr. Kahkonen by providing a full summary of it in his decision (doc. 13). Defendant further argues that the Magistrate Judge provided a thorough analysis of the ALJ's credibility finding by providing examples of inconsistencies between Plaintiff's allegations and her treatment records (<u>Id</u>.). Based on these arguments, Defendant requests that the Court affirm the ALJ's decision that Plaintiff was not entitled to disability benefits, adopt the Magistrate Judge's Report and Recommendation, and dismiss the case with prejudice (<u>Id</u>.).

**D. Analysis**

Having reviewed and considered this matter <u>de</u> <u>novo</u>, the

Court finds the Magistrate Judge's Report and Recommendation thorough and well-reasoned. The Court therefore adopts and affirms in all respects the opinions expressed in the Report and Recommendation (doc. 10), and denies Plaintiff's Objections (doc. 12).

In spite of Plaintiff's objections to the Magistrate Judge's report, the Court agrees with the Defendant that there was sufficient clinical evidence in the record to substantiate the ALJ's findings. 42 U.S.C. § 405(g); Smith, 893 F.2d at 108. Specifically, the Magistrate Judge did not err in finding that the ALJ's RFC finding was supported by substantial evidence with regard to the determination that the opinions of Drs. Saleh and Onady should not be afforded controlling weight. The Magistrate Judge also correctly asserted that the ALJ was within his bounds to weigh the inconsistent evidence and that his credibility assessment is entitled to deference.

In her objection, Plaintiff criticizes the Magistrate Judge's finding that the ALJ's RFC determination was supported by substantial evidence (doc. 12). Specifically, Plaintiff argues that the ALJ should have given controlling weight to the opinions of her treating physicians, Drs. Saleh and Onady (Id.). A treating physician's opinion regarding the nature and severity of a medical condition is entitled to controlling weight if it is supported by medical findings and is consistent with substantial evidence in the

record.  See C.F.R. § 404.1527(d).  "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way."  Casey, 987 F.2d 1230.  An ALJ may decline to afford treating physicians controlling weight if he articulates his reasons.  See id.

        As the Defendant notes, the ALJ accounted for many of Drs. Saleh's and Onady's recommended limitations, but rejected their conclusions that Plaintiff was unable to work. (Doc. 8.).  In determining whether or not Dr. Saleh's medical opinion was supported by the objective medical evidence, the ALJ relied on an expert medical opinion by Dr. Hutson, who aided the ALJ in understanding the significance of the medical findings (doc. 10). Dr. Hutson opined that, because Dr. Ray was a rehabilitation specialist who was trained to provide functional evaluations, his opinion was particularly reliable (Id.).  Dr. Hutson noted that Plaintiff's capacity for employment was limited, but that she still could perform a range of sedentary work (Id.).  Dr. Hutson explained that Dr. Saleh's opinion was lacking in medical support, pointing out in particular that the medical evidence did not demonstrate a worsening in Plaintiff's condition that justified a significant departure from the opinion offered by Dr. Ray pursuant to his 2004 examination of Plaintiff (Id.).  The ALJ considered medical and psychological expert opinions to determine if Dr. Onady's and Dr. Saleh's opinions were well-supported and consistent

17

with other substantial evidence in the case record (Id.). Based on his analysis of the medical record, as aided by Dr. Hutson, the ALJ found that Plaintiff's impairments did not meet the standard required to receive DIB (Id.).

Plaintiff points to her post-hearing summary of arguments attempting to counter Dr. Buban's testimony that Dr. Onady's opinion was not supported by the medical evidence. However, even if the Court accepted the post-hearing summary as refuting Dr. Buban's testimony, Plaintiff has failed to address both Dr. Onady's internal contradictions and her inconsistencies with other psychologists regarding Plaintiff's functional impairments. In March 2003, Dr. Onady assigned Plaintiff a GAF score indicating "major impairment," but this score was largely unsubstantiated by her own treatment notes (Id.). Then, in May 2003, Dr. Onady's notes indicated improvement in Plaintiff's condition (Id.). In that same month, a state psychologist opined that Plaintiff had the ability to perform simple routine tasks at a moderate pace in work settings with regular breaks, modest interpersonal demands, and predictable schedules and routines (Id.). Despite this noted improvement, and consistent opinion by a separate psychologist, Dr. Onady opined that Plaintiff continued to function poorly in several areas (Id.). In all, Dr. Onady's assessment of Plaintiff was inconsistent with both her own notes and the opinions of multiple other psychologists.

It is clear that a "reasonable mind could accept" this

18

evidence as adequate to support the ALJ's conclusion that the opinions of Drs. Saleh and Onady did not deserve to be afforded controlling weight in determining Plaintiff's RFC. Because the ALJ based his finding on this evidence, and articulated his reasons for this finding, it is clear that the ALJ did not err in finding that the opinions of Plaintiff's treating physicians should not be afforded controlling weight in this matter.

In Plaintiff's second objection, she argues that the Magistrate Judge erred in finding that the ALJ properly concluded that Plaintiff's complaints lacked credibility (doc. 12). A Plaintiff's complaints of "pain or other symptoms will not alone establish" a disability." 20 C.F.R. § 404.1529(a). As the Defendant notes in his Response to Plaintiff's Objections, the ALJ relied on multiple instances of inconsistencies between Plaintiff's claims and her treatment record in forming his opinion as to her credibility (doc. 10). As the Magistrate Judge pointed out, both Plaintiff and Dr. Saleh reported that she experienced a decrease in pain as a response to various medications and therapies (Id.). The ALJ noted that Plaintiff exhibited histrionic behavior during an examination with at least one physician, and unnecessarily wore an oxygen mask to her hearing with the ALJ (Id.). Additionally, six different physicians have concluded that Plaintiff's description of her own condition was inconsistent with her actual impairments (Id.). Based on these facts, the ALJ did not improperly find that Plaintiff's complaints regarding her own condition lacked

credibility.

The Court concludes that the opinions of Drs. Saleh and Onady were inconsistent with the medical record, contradicted by the testimony of the other physicians, and are further thrown into question by the ALJ's credibility assessment.  The Court further concludes that Plaintiff's complaints regarding her impairments lacked credibility.  For these reasons, the Court does not find Plaintiff's objections well-taken.

## III.  Conclusion

The Court concludes that the ALJ's decision regarding Plaintiff's residual functional capacity is supported by substantial evidence and finds well-taken the ALJ's credibility assessment.  <u>McGuire v. Commissioner of Soc. Sec.</u>, No. 98-1052, 1999 WL 196508, at *6 (6th Cir. Mar. 25, 1999).  Accordingly, the Court ADOPTS and AFFIRMS the Magistrate Judge's Report and Recommendation (doc. 10) in all respects, and DISMISSES this case from the Court's docket.


SO ORDERED.


Date: February 24, 2010 <u>/s/ S. Arthur Spiegel           </u>
                            S. Arthur Spiegel
                            United States Senior District Judge